## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x   Case No.

KYLE STRAUSS,

                                  Plaintiff,   **VERIFIED COMPLAINT**

        v.

LITTLE FISH CORP. d/b/a CARMINE'S and
ALICART, INC. d/b/a ALICART RESTAURANT
GROUP,

                                 Defendants.

----------------------------------------------------------------------x

Plaintiff Kyle Strauss, by an through his undersigned attorney, alleges as follows in this complaint against defendants Little Fish Corp. d/b/a Carmine's and Alicart, Inc. d/b/a Alicart Restaurant Group:

### INTRODUCTION

1.    This is an action for retaliation under the Fair Labor Standards Act and New York Labor Law. Plaintiff alleges that he was discharged by the defendants for engaging in protected activities, including (a) participating in a class action settlement against Carmine's, a restaurant in Times Square where he worked as a server for nearly eight years; and (b) taking a short break to which he was entitled under the New York Labor Law.

### JURISDICTION AND VENUE

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 as this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

3.    This Court has supplemental jurisdiction over the New York Labor

Law ("NYLL") retaliation claim, as it is so related that it forms part of the same case or controversy under Article III of the United States Constitution.

4.    Venue is proper in the Southern District of New York as the defendants conduct business in New York County, and the acts and/or omissions giving rise to the claims herein took place in New York County.

## PARTIES

5.    Plaintiff Kyle Strauss is currently a resident of the State of New Jersey. He was employed by Carmine's Italian Restaurant as a server for almost eight years.

6.    Defendant Little Fish Corp. d/b/a Carmine's, is a domestic business corporation formed under the laws of New York State in 1991. Little Fish Corp. is an owner of Carmine's.

7.    Defendant Alicart Inc. d/b/a/ Alicart Restaurant Group ("Alicart") is a domestic business corporation formed under the laws of New York State in 1993. Alicart is an owner and operator of five Carmine's and three Virgil's Real Barbeque restaurants.

## RELATED CLASS ACTION LITIGATION

8.    The plaintiff is participating as a class member in a settlement against Carmine's and  Virgil's Real Barbeque, in which wait staff, servers, bussers, runners, bartenders and barbacks claimed unpaid wages and overtime under the FLSA and NYLL.[1]

---

[1] The class action complaint filed on October 17, 2018, contained two causes of action under the FLSA (for minimum wages and overtime) and three causes of

9. The class action, *Flores v. Times Square Barbeque, Inc., Little Fish Corp. and Alicart Group LLC, individually* (Index No. 520892/2018) was filed in King's County Supreme Court on October 17, 2018.

10. The executed class action settlement agreement was filed on December 12, 2018.

11. A motion for final approval of the settlement agreement was filed on May 31, 2019.

12. The court granted final approval of the settlement on July 26, 2019.

13. According to the Notice of Class Action Lawsuit Settlement and Fairness Hearing (hereinafter, "settlement notice"), plaintiff is expected to receive approximately $1,798.76 from the settlement fund.

14. As stated in the settlement notice, class members who endorse their settlement checks fully release the defendants and other releasees "from any wage and hour claims (*with the exception of retaliation claims*) arising under the Fair Labor Standards Act, from the beginning of time through the date of Final Approval." (emphasis added).

15. As also stated in the settlement notice, class members who did not timely out-opt fully release the defendants and other releasees "from any and all wage and hour claims (*with the exception of retaliation claims*), arising under the New York Labor Law, from the beginning of time to the date of Final Approval." (emphasis added).

---

action under the NYLL (for minimum wages, overtime, and failure to provide proper annual wage notices).

16.     Plaintiff did not opt-out of the class action.

17.     It follows that if plaintiff endorses his settlement check, which has not yet been issued to him, he cannot bring wage and hour claims arising under the FLSA, but he can bring the FLSA retaliation claim herein.

18.     It also follows that plaintiff cannot bring wage and hour claims arising under the NYLL, but he can bring the NYLL retaliation claim herein.

19.     Upon information and belief, plaintiff has no remedies for retaliation under the terms of the class action settlement.

## FACTS

20.     Carmine's is an Italian restaurant located in Times Square, at 200 West 44th Street, New York, New York 10036.

21.     In 2018, Carmine's was reportedly the top grossing independent restaurant in New York City and the third highest grossing restaurant in the country. "Top 100 Independent Restaurants: The Ranking," http://www.restaurantbusinessonline.com/top-100-independents-2018 (last visited July 24, 2019).

22.     Plaintiff began work as a server at Carmine's in or about August of 2011.

23.     Plaintiff generally worked three or four dinner shifts each week, from 3:15 p.m. until approximately 1 a.m.

24.     As described below, plaintiff was required to work off-the-clock for

thirty minutes at the beginning of each dinner shift.[2]

25.     For all or nearly all of his employment with Carmine's, defendants required plaintiff to clock in at 3:15 p.m., then immediately clock out.

26.     After he clocked out, defendants required plaintiff to set tables and perform other "side work" without pay.

27.     At 3:45 p.m., plaintiff would be permitted to clock in.

28.     After the plaintiff completed his side work, usually between 3:45 p.m. and 4:00 p.m., he was permitted to have a staff meal that defendants provided.

29.     Beginning at or about 4:00 p.m., defendants would hold a staff meeting, for approximately 10 to 15 minutes.

30.     Prior to May 30, 2019, defendants were aware that plaintiff was participating in the class action settlement described above, as none of the 882 class members had opted out of the settlement.

31.     On Thursday, May 30, 2019, plaintiff arrived for his shift at or about 3:15 p.m. He clocked in and immediately clocked out, as required by the defendants.

32.     Plaintiff completed his unpaid side work at or about 3:45, at which time he began eating his staff meal.

33.     At or about 4:00 p.m., plaintiff clocked in.[3]

34.     The staff meeting began at or about 4:00 p.m. After the staff meeting,

---

[2] Though the timekeeping machinations described in this complaint applied to other servers and staff, the complaint will limit its allegations to situations directly involving the plaintiff.

[3] Though plaintiff was generally permitted to clock in at 3:45 p.m., on May 30, 2019, he forgot to clock in until 4:00 p.m.

at or about 4:10 p.m., plaintiff went outside for a short cigarette break.

35.   During his years of employment, plaintiff had regularly taken short, on-the-clock cigarette breaks after the staff meeting.

36.   Plaintiff's supervisors were aware that he was regularly taking such breaks, and they never advised him that they were against company policy.

37.   On May 30, 2019, the shift manager unexpectedly confronted the plaintiff as he was taking his cigarette break, and sent him home for allegedly violating company policy.

38.   On May 31, 2019, the plaintiffs in *Flores* filed a motion for final approval of the class action settlement, in the amount of $622,00.00.

39.   Plaintiff did not have any contact with the defendants until Tuesday, June 4, 2019, when he reported for his next scheduled shift.

40.   Before he began work on June 4, 2019, managers Michael Scaringella and Michael Wark told him that he was being immediately discharged for stealing company time.

41.   Upon information and belief, Messrs. Scaringella and Wark discharged the plaintiff with the approval of Carmine's human resources department.

42.   Plaintiff did not work on June 4, 2019, and has not worked at Carmine's since May 30, 2019.

### FIRST CLAIM FOR RELIEF
### Retaliatory Discharge Under the Fair Labor Standards Act

43.   Plaintiff repeats and realleges each of the preceding paragraphs.

44.   The anti-retaliation provision of the FLSA makes it unlawful "to dis-

6

charge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]. . . ." 29 U.S.C. § 215(a)(3).

45.    At all times relevant to the complaint, defendants were employers engaged in interstate commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

46.    At all times relevant to the complaint, plaintiff was an employee of the defendants within the meaning of 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

47.    At some time before May 30, 2019, defendants were aware that plaintiff was participating in a class action settlement against the defendants for unpaid wages and hours under the FLSA and NYLL.

48.    Defendants discharged the plaintiff on June 4, 2019, only days after the class members in *Flores*, which includes the plaintiff herein, filed a motion for approval of the final settlement.

49.    There was a causal connection between the plaintiff's participation in the class action settlement and the defendant's discharge of the plaintiff, as they were closely connected in time.

50.    Defendants did not have a legitimate, non-retaliatory reason for discharging the plaintiff.

51.    Defendants discharge of the plaintiff was retaliatory under 29 U.S.C. § 215(a)(3).

52.    As a result of defendants' retaliatory discharge, plaintiff has suffered damages and is entitled to remedies under Section 16(b) of the FLSA.

## SECOND CLAIM FOR RELIEF
### Retaliatory Discharge Under the New York Labor Law

53.    Plaintiff repeats and realleges each of the preceding paragraphs.

54.    NYLL § 215(1)(a)(iii) prohibits an employer from retaliating against an employee "because such employee has caused to be instituted or is about to be institute a proceeding under or related to [the Labor Law]."

55.    NYLL § 215(1)(a)(vi) prohibits an employer from retaliating against an employee "because such employee has otherwise exercised rights protected under [the Labor Law]."

56.    At all times relevant to the complaint, defendants were employers within the meaning of NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

57.    At all times relevant to the complaint, plaintiff was an employee of the defendants within the meaning of NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

58.    Defendants discharged the plaintiff on June 4, 2019, only days after the class members in *Flores*, which includes the plaintiff herein, filed a motion for approval of the final settlement.

59.    There was a causal connection between the plaintiff's participation in the class action settlement and the defendant's discharge of the plaintiff, as they were closely connected in time.

60. Under NYLL § 162, plaintiff was entitled to a minimum thirty-minute meal break during his shift.

61. Defendants discharged the plaintiff for exercising his right to take a break during his shift.

62. Defendants did not have a legitimate, non-retaliatory reason for discharging the plaintiff.

63. Defendants' discharge of the plaintiff was retaliatory under the NYLL § 215(1)(a)(iii), (vi).

64. As a result of defendants' retaliatory discharge of the plaintiff, the plaintiff has suffered damages and he is entitled to remedies, including but not limited to statutory damages of up to $20,000.

65. This Court has supplemental jurisdiction over the NYLL retaliation claim, as it is so related that it forms part of the same case or controversy under Article III of the United States Constitution.

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

(a) lost wages, in an amount to be determined;

(b) liquidated damages in an amount equal his lost wages, pursuant to the FLSA;

(c) statutory penalties up to $20,000, pursuant to the NYLL;

(d) pre-judgment and post-judgment interest, as provided by law;

(e) punitive damages;

(f) reasonable attorney fees and costs of the action; and

9

(g) any and all other relief as this Court deems appropriate.

DATED:     September 9, 2019
              New York, New York

ROBERT HALPERN
141 First Avenue
New York, New York 10003
646-288-4372
*Attorney for the Plaintiff*

**10**

## **VERIFICATION**

STATE OF ___New York___ )
)  ss.:
COUNTY OF ___New York___ )

Kyle Strauss, being duly sworn, deposes and says:

I am the plaintiff in this action. I have read the foregoing complaint and know the contents thereof, which are to my knowledge true, except as to matters stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
**KYLE STRAUSS**

Sworn to before me this ___11___
day of ___September___, 2019.

_____
**NOTARY PUBLIC**

NAINESH S. BODAWALA
Notary Public, State of New York
Registration #01BO6375447
Qualified in New York County
Commission Expires May 21, 2022

**11**