## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of all Claims (the "Agreement") is entered into by and between KYLE STRAUSS ("STRAUSS" or "Plaintiff") on the one hand and on the other hand LITTLE FISH CORP. d/b/a CARMINE'S and ALICART, INC. d/b/a ALICART RESTAURANT GROUP, ("ALICART" or "Defendants") (STRAUSS and ALICART collectively referred to herein as the "Parties").

**WHEREAS,** STRAUSS participated in a class action matter, which was filed in Supreme Court of New York, Kings County on October 17, 2018 entitled *Job Flores, on behalf of himself and all others similarly situated v. Times Square Barbeque, Inc., Little Fish Corp. and Alicart Group, LLC,* bearing Index Number 520892/2018 (the "Underlying Action"), which proffered wage and hour claims under the Fair Labor Standards Act and the analogous New York Labor Law;

**WHEREAS,** the Underlying Action was resolved pursuant to a settlement agreement which received court approval on or about July 26, 2019 (the "Underlying Agreement");

**WHEREAS**, STRAUSS thereafter filed a Complaint in the United States District Court for the Southern District of New York on November 1, 2019 entitled *Kyle Strauss v. Little Fish Corp. d/b/a Carmine's and Alicart, Inc. d/b/a Alicart Restaurant Group*, bearing Docket Number 1:19-cv-10158 (the "Action"), which proffers retaliation claims under the Fair Labor Standards Act and the analogous New York Labor Law against ALICART purportedly arising from STRAUSS's employment with ALICART;

**WHEREAS**, the Parties participated in a mediation of the claims on March 2, 2020 and reached an agreement in principal on the terms of a resolution, which terms are incorporated into this Agreement;

10882495v.1
10882495v.1

**WHEREAS**, the Parties wish to resolve any and all disputes, claims and causes of action of whatsoever kind, nature or description between them, including the claims in this Action arising under the Fair Labor Standards Act and the analogous New York Labor Law (the "Wage and Hour Laws"), which existed or exist on or before the date that this Agreement is executed and whether or not asserted in the Action;

**WHEREAS**, it is expressly understood and is the position of ALICART and STRAUSS that they have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation;

**WHEREAS**, the existence and the execution of this Agreement shall not be considered as and does not constitute an admission by ALICART of any liability or violation of any federal, state or local law, ordinance, rule or regulation, or of any duty whatsoever with respect to STRAUSS, whether based in statute, common law or otherwise, and ALICART expressly denies any such liability or violation; and,

**WHEREAS**, the Parties recognize that pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), claims arising under the FLSA must be approved by the Court and constitute a public document;

**NOW THEREFORE**, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

1.  **Mutual Release:**  STRAUSS, on his own behalf and on behalf of his heirs, executors, administrators, attorneys, representatives, successors and assigns ("Releasors"), hereby voluntarily, irrevocably and unconditionally releases and forever discharges ALICART their former and current employees, shareholders, officers, directors, agents, insurers, representatives,

attorneys, fiduciaries, administrators, directors, supervisors, and managers (the "Releasees"), from any and all rights, manner of action and actions, cause and claims, causes of action, sums of money, covenants, contracts, controversies, agreements, promises, damages, complaints, possible complaints, liabilities, obligations, contracts, claims and demands of whatsoever kind, in law or equity which STRAUSS now has or has ever had against them for, upon or by reason of any matter, cause or claim arising out of STRAUSS's employment, membership, relationship with and/or separation from the Releasees, existing on or prior to the time of the execution of this Agreement, whether known or unknown, including but not limited to all claims for wages, liquidated damages, interest, wage notices and wage statements, and all claims in law or in equity under federal or state constitutions, statutes, laws, regulations, municipal ordinances, regulations, contract, defamation or common law for damages, monies, wages, severance, buy-outs, injunctive relief, or attorney's fees arising under New York Executive Law §§ 296, *et seq.*; New York City Administrative Code §§ 8-101 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206; the Civil Rights Act of 1866, 42 U.S.C. §§ 1982 *et seq.*; the Civil Rights Act of 1991, 42 U.S.C. §§ 1981 *et seq.*; the False Claims Act, 31 U.S.C. §§ 3729 *et seq*; the Employee Retirement Income Security Act of 1974, 9 U.S.C. §§ 1001 *et seq.*; the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; the Family and Medical Leave Act of 1993, 29 C.F.R. §§ 8025 *et seq.*; the Age Discrimination in Employment Act of 1967, §§ 29 U.S.C. § 621 *et seq.*; the Older Workers Benefit Protection Act of 1990, § 29 U.S.C. § 626 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*; New York State Minimum Wage Act, Labor Law §§ 650 *et seq.*; the Labor Management Relations Act, 29 U.S.C. §§ 141 *et seq.*; the Federal Arbitration Act, 9 U.S.C. §§ 10 et seq.; New York Labor Law §§ 160, 190, 191, 195, 198, 652,

663 *et seq.*; New York Labor Law §§ 740 *et seq.*; N.Y. Comp. Codes R. Regs. title 12 § 142-2-1, 142-2.2; and other federal, state or local laws, rules or regulations, whether whistleblower statutes, retaliation laws, equal employment opportunity laws, rules or regulations, or any other tort or contract claim.  This Agreement constitutes a knowing and voluntary waiver of all rights or claims STRAUSS may have had, including but not limited to claims arising under the aforementioned laws, statutes, rules, or regulations.  Similarly, Defendants release and discharge Plaintiff from any and all claims and liabilities of any kind, known and unknown, that they have or have ever had against the Plaintiff, regarding events that have occurred prior to the execution of this agreement.

2.      **Consideration**:  In consideration of the Releases set forth above and for other good and valuable consideration, ALICART agrees to pay STRAUSS the sum total of Nine Thousand Dollars and Zero Cents ($9,000.00) as full and final settlement of any and all claims Releasors have or have ever had against Releasees, allocated by STRAUSS as follows:

(a) Two Thousand Eight Hundred and Seventy Five Dollars ($2,875.00) as wages, less applicable payroll taxes, deductions and other withholdings, to be reported on IRS Form W-2, and to be made payable by check to "Kyle Strauss";

(b) Two Thousand Eight Hundred and Seventy Five Dollars ($2,875.00) as compensatory damages to be reported on IRS Form 1099-MISC, and to be made payable by check to "Kyle Strauss"; and

(c) Three Thousand Two Hundred and Fifty Dollars ($3,250.00) consisting of an attorney fee of Three Thousand Dollars ($3,000) and costs of Two Hundred and Fifty Dollars ($250) to be reported on IRS Form 1099, and to be made payable by check to "Robert Halpern", 18 West Gowen Avenue, Philadelphia, PA 19119.

4

3. **Full Payment**: The Parties acknowledge and agree that the sum identified in Paragraph "2" represents the full extent of the Releasees' payment obligations as to the released matters, inclusive of all costs and expenses associated with the administration of this action, and the award of attorneys' fees and expenses associated with the settlement of STRAUSS's claims; and that STRAUSS is not otherwise entitled to anything of value from Releasees related to the released matters.

4. **Timing of Payments:** The following conditions must be satisfied before ALICART will remit the payments described in Paragraph "2": (1) the Court's final approval of this settlement; and (2) counsel for ALICART's receipt of the following: (a) a copy of this Agreement executed by STRAUSS; (b) all relevant required tax documents consisting of STRAUSS's endorsed IRS Forms W-4 and W-9; (c) STRAUSS's counsel's endorsed IRS Form W-9; and (d) execution on the document annexed hereto as Appendix "A" entitled "Stipulation of Dismissal with Prejudice" for the Action. Upon the satisfaction of the conditions identified herein, ALICART will remit payments within fifteen (15) days or by September 1, 2020, whichever occurs last.

5. **Notice & Cure Period:** ALICART agrees to transmit the payments identified in Paragraph "2" by overnight or priority mail on or before the due dates identified in Paragraph "4". In the event payment is not received by STRAUSS within five (5) business days of the transmittal date, or a check that is received fails to clear, STRAUSS agrees to provide ALICART with notice of non-receipt and a five (5) business day opportunity to cure.

6. **Purpose**: The purpose of this Agreement is to avoid further litigation and to settle and discharge all claims and demands of whatsoever kind, in law or equity which existed or might have existed, or which were asserted or could have been asserted in the Action through the date

this Agreement is executed. STRAUSS agrees and acknowledges that: (i) the sum identified in Paragraph "2" above is all he might be entitled to receive from ALICART under the wage and hour statutes, inclusive of liquidated damages and fees; (ii) this Agreement is a fair, reasonable, and equitable compromise of STRAUSS's claims against ALICART; (iii) he is represented by competent counsel; and (iv) this Agreement is the result of negotiation between represented parties during court ordered mediation. STRAUSS acknowledges, except as otherwise provided herein, that ALICART has no other further obligation to him or his attorneys for the payment of alleged damages, actual or liquidated, wages, interest, legal fees, disbursements, income taxes, or any other expenses/fees arising from the Action. STRAUSS further acknowledges that he is receiving the consideration set forth in this Agreement in exchange for his execution of and adherence to the terms of this Agreement and that he is not otherwise entitled to anything of value from Releasees, and that he would not receive said consideration but for the execution of this Agreement.

      **7.**      **Exceptions to Release**:  This release does not include any claims that cannot be released or waived by law, including STRAUSS's ability to file a claim with or participate in investigations conducted by, inter alia, the EEOC and NLRB. STRAUSS agrees and acknowledges, however, that he shall not be entitled to receive or recover any money or other individual relief as a result of such filings or action by any administrative agency.  Further, nothing in this Agreement is intended to limit or interfere with STRAUSS's right to engage in any protected activity or provide truthful information to governmental agencies as required by law, nor his right, if any, to participate in concerted activity under the National Labor Relations Act. Notwithstanding the foregoing, STRAUSS waives any and all rights to recover monetary damages or other recovery in any charge, complaint, or lawsuit filed by him or by anyone else on his behalf based on events occurring prior to the date he signs this Agreement.  The Parties further

understand that this Agreement does not release: (i) any claim that this Agreement has been breached; (ii) any claim that cannot be released by private agreement, including, but not limited to, claims for benefits for occupational injury or illness under the applicable workers' compensation law or claims for unemployment insurance benefits; or (iii) any rights or claims that may arise from actions taken after the date of execution of this Agreement.

8. **Other Actions:** Pursuant to and as part of STRAUSS's complete, total and irrevocable release and discharge of Releasees, STRAUSS hereby represents and warrants that he has not commenced or filed any charge, complaint, grievance, demand for arbitration, lawsuits or claims in any venue or forum of any nature whatsoever against Releasees other than the instant Action.

9. **Liens:** STRAUSS represents and warrants that he has not assigned or subrogated any aspect of any claims against ALICART or authorized any other person or entity to assert such a claim or claims on his behalf. STRAUSS represents there are no outstanding liens in relation to the claims released herein, and agrees to indemnify and hold ALICART harmless should there be any additional claim for liens or any third party claims regarding the settlement funds. STRAUSS warrants that he is not a Medicare beneficiary as of the date of this Agreement and therefore no conditional payments have been made by Medicare. STRAUSS further stipulates he is not aware of any liens or claims applicable to the proceeds of settlement, including Medicare liens. STRAUSS will have the sole responsibility to satisfy any lien or claim asserted against the settlement proceeds or arising from the settlement.

10. **Taxes and Indemnification**: STRAUSS acknowledges and agrees that neither Releasees nor their counsel have made any representations to STRAUSS regarding the tax consequences of any amounts paid pursuant to this Agreement. STRAUSS specifically

acknowledges that he is responsible for all taxes on the settlement amount identified in Paragraph "2" which are disbursed to him without withholding, which are reported to the taxing authorities *via* IRS Form 1099. STRAUSS further acknowledges and agrees that he is relying upon his own legal and/or tax advisors and not upon Releasees in that regard. STRAUSS agrees to pay the employee share of any amount that may be determined to be due and owing as taxes, interest and penalties arising out of the settlement amount which are disbursed to him without withholding by Releasees pursuant to this Agreement. STRAUSS agrees to hold Releasees and their attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP harmless against, and to defend and indemnify Releasees and their attorneys against any lien, claim, or action arising from this settlement or asserted claims against the settlement proceeds, including any and all claims by the Internal Revenue Service, or any other taxing authority or other governmental agency (whether federal, state or local), which may be made against Releasees and their attorneys arising out of or relating to STRAUSS's failure to withhold for income or social security tax purposes, or for any other purpose, any portion of the settlement amount which are disbursed to STRAUSS without withholding, and STRAUSS agrees to reimburse Releasees and their attorneys for any resulting payments relative to the same including, without limitation, all penalties and interest payable to the Internal Revenue Service, or any other taxing authority or governmental agency. STRAUSS further agrees that: (i) he will give Releasees and their attorneys immediate written notice of any such claim as set forth in Paragraph "21"; and (ii) he will cooperate with Releasees and their attorneys in the defense of any such claim.

11. **Capacity**: The Parties each acknowledge that they have the authority and capacity to enter into this Agreement and fully understand the legal effects of executing this document, and each party hereby waives any right to challenge the enforceability of this Agreement on the

grounds that they lacked the authority and/or capacity to enter into this Agreement at the time of its execution.

**12.  Further Actions**:  Except for the instant action, pursuant to and as part of STRAUSS's release of Releasees, STRAUSS agrees, to the fullest extent permitted by law, that he has not and will not sue or file a charge, complaint, grievance or demand for arbitration in any forum or assert or otherwise participate willingly or voluntarily in any claim, arbitration, suit, action, investigation or other proceeding of any kind which relates to any matter claims and demands of whatsoever kind, in law or equity which STRAUSS previously asserted or could have asserted in the Action, except as may be required by law or legal process.  STRAUSS expressly acknowledges that while nothing in this Agreement shall be construed as limiting STRAUSS's right to access an administrative agency, including the federal Equal Employment Opportunity Commission, by STRAUSS's endorsement of this Agreement, he acknowledges that he is barred from obtaining any remedy related to his relationship, employment and/or the end of his employment with ALICART from any administrative agency, for claims that are being released pursuant to this Agreement.  Nothing in this paragraph shall prohibit STRAUSS from truthfully responding to a court order, other judicial or administrative process, in the event that STRAUSS receives such an order, notice, administrative process, or inquiry he agrees that in advance of providing any response and within 5 (five) days of receipt of said order, notice, or administrative process to provide written notice by email and/or facsimile to ALICART's counsel as set forth in Paragraph "21" below.

**13.  Confidentiality**:  STRAUSS agrees and states that it is his preference not to communicate the terms of this Agreement, the contents, and the discussions and circumstances that preceded this Agreement, including, without limitation, the economic terms of this

Agreement, to any other person or entity, with the exception of his spouse, attorney or financial advisor and mental health providers, provided that STRAUSS inform those excepted parties to whom he so discloses of the confidentiality obligations under this Confidential Agreement. STRAUSS further agrees and states that it is his preference not to participate in any conversations or discussions or elaborations or explanations with anyone about this Agreement or its terms, unless required by law, and shall not in any way disclose any of the terms of this Agreement or characterize the settlement contained herein, for example by stating that the settlement is favorable or unfavorable or even by indicating that a settlement sum has been paid. STRAUSS understands that he is not prohibited or otherwise restricted by this "Confidentiality" provision, from testifying, assisting, complying with a subpoena or participating in any manner with an investigation conducted by the appropriate local, state or federal agency tasked with enforcing any applicable employment laws.  STRAUSS may submit an accurate application for unemployment insurance, which simply indicates that he did not resign from his position solely for the purpose of applying for such unemployment benefits. The Parties agree that this provision does not limit STRAUSS from discussing the Underlying Action.

  **14.**  **Non-disparagement**: STRAUSS agrees that he shall not disparage or make any negative references or statements, or induce or encourage others, directly or indirectly, to disparage Defendants, their reputation or services, Jeffrey Banks, and any employee or former employee of Defendants known to STRAUSS; or interfere with Defendants in the conduct of their business or profession; or issue any communication, written or otherwise, that reflects adversely upon or encourages any adverse action against Defendants, except as a truthful response to any lawful court order or subpoena or other disclosure required by law. Defendants agrees that should they be contacted by a prospective employer concerning STRAUSS, in accordance with normal

business practices, Defendants will disclose only STRAUSS's dates of employment and job title(s).

15. **Remedies for Breach of Confidentiality and/or Non Disparagement**: It is understood and agreed by the Parties that they expressly rely upon the promises, representations and warranties contained within Paragraphs "13" and "14" of this Agreement, and that any breach of the promises, representations, and warranties contained within this Agreement would constitute a material breach. Accordingly, in the event ALICART establishes, in a court of competent jurisdiction, that STRAUSS has breached his promises, representations and warranties contained in paragraphs "13" and "14", STRAUSS will be required to pay to ALICART as liquidated damages, and not in the form of a penalty, the sum of five thousand dollars ($5,000.00), as well as reasonable attorneys' fees as determined by a court of competent jurisdiction, to be paid to the prevailing party.

In the event that STRAUSS establishes, in a court of competent jurisdiction, that Defendants have breached their promises, representations and warranties contained in paragraph "14" of this Agreement, Defendants will be required to pay STRAUSS as liquidated damages the sum of five thousand dollars ($5,000.00), as well as reasonable attorneys' fees as determined by a court of competent jurisdiction, to be paid to the prevailing party.

16. **Re-Hire**: STRAUSS agrees not to apply for nor accept any position or assignment with ALICART now or in the future. If, through mistake or inadvertence or otherwise, STRAUSS applies for employment with ALICART, then he shall withdraw his application immediately upon notice without any recourse, legal or otherwise, and to the extent that STRAUSS has already been hired, he will resign immediately upon notice without any recourse, legal or otherwise. In the

event that ALICART acquires or is acquired by an entity that, at the time of the acquisition, already employs STRAUSS, nothing herein shall require STRAUSS to resign his employment.

17. **Waiver**:  Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

18. **Severability**:  If any provision of this Agreement is held to be unenforceable, such provision shall be considered to be distinct and severable from the other provisions of this Agreement, and such unenforceability shall not affect the validity and enforceability of the remaining provisions.  If any provision of this Agreement is held to be unenforceable as written but may be made enforceable by limitation, then such provision shall be enforceable to the maximum extent permitted by applicable law. In the event this Agreement is held to be unenforceable in its entirety, STRAUSS shall promptly repay all monies previously received by him pursuant to this Agreement, in which event STRAUSS shall be permitted to reinstate the Action against Defendants no later than twenty (20) days after the Agreement is held to be unenforceable in its entirety, and if timely reinstated, Defendants will not proffer any defense based on timeliness of claims for the period of time from execution of this Agreement until such time as it is held to be unenforceable.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

19. **Modification**: This Agreement may not be amended, altered, modified or otherwise changed except by a written stipulation signed by each of the Parties.

20. **Reliance:** STRAUSS hereby acknowledges and represents that this Agreement is executed without reliance upon any agreement, promise, statement or representation by or on behalf of any party except as set forth herein, and hereby acknowledges that no other party hereto nor any agent or attorney of such have made any promises, representations or warranties whatsoever, whether expressed or implied, which are not contained herein in writing concerning the matters set forth herein.

21. **Notice:** Any notice under this Agreement shall be sent by email and first class mail. If to ALICART, such notice shall be sent to: Wilson Elser Moskowitz Edelman & Dicker LLP, 150 East 42nd Street, New York, New York 10017, Attention: Nancy V. Wright, Esq.; *Nancy.Wright@wilsonelser.com*. If to STRAUSS, such notice shall be sent to Robert Halpern, 18 West Gowen Avenue, Philadelphia, PA 19119: Robert Halpern, Esq.; *rnh17@verizon.net*. A party may change its address or email for notices by providing notice to such effect in accordance with this paragraph.

22. **Opportunity to Consult with Counsel:** STRAUSS hereby affirms and represents that in deciding to execute this Agreement, he has been provided with a reasonable amount of time in which to consider the Agreement, consult with legal, financial or other personal advisors of his own choosing as he deems appropriate in assessing whether to execute this Agreement, he has read this Agreement, and has had it fully explained to him by counsel and is fully aware of this Agreement's contents and legal effect.

23. **Governing Law:** This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced, and governed under the laws of said state without giving effect to its conflicts of laws principles. Any action with respect to this Agreement shall be brought exclusively in the Southern District of New York or, in the event this court

declines to exercise jurisdiction, in a court in the State of New York, County of New York, and the Parties hereby consent to the personal jurisdiction of said courts for said purpose. The parties expressly agree that the Court shall retain jurisdiction over this action until payment is made.

24. **Entirety of Agreement:** This Agreement in conjunction with the Underlying Agreement constitute the entire agreement between and among the Parties hereto and collectively this Agreement and the Underlying Agreement supersede any and all other agreements, understandings, and negotiations or discussions, either oral or in writing, expressed or implied, between and among the Parties hereto regarding any claims which were brought or could have been brought.

25. **Counterparts:** This Agreement may be executed in two or more counterparts, which together shall constitute one (1) Agreement.

[THIS PORTION OF PAGE INTENTIONALLY LEFT BLANK]

10882495v.1
10882495v.1

## ENDORSEMENTS

**Date:** _____, 2020

_____
**Kyle Strauss**

State of New York,
County of _____

On _____, 2020 before me, the undersigned, personally appeared, Kyle Strauss, and that by his signature on the instrument, the individual executed the instrument.

_____
Notary Public

**Date:** _____, 2020

_____
**Jeff Bank, on behalf of Little Fish Corp. d/b/a Carmine's and Alicart, Inc. d/b/a Alicart Restaurant Group**

State of New York,
County of _____

On _____, 2020 before me, the undersigned, Jeff Bank, personally appeared and acknowledged to me that he is authorized to bind the entity subscribed to the within instrument, and that by his signature on the instrument, the individual executed the instrument.

_____
Notary Public

# APPENDIX "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
KYLE STRAUSS,

        Plaintiff,

  v.

LITTLE FISH CORP. d/b/a CARMINE'S; and
ALICART, INC. d/b/a ALICART RESTAURANT
GROUP,

        Defendants.
------------------------------------------------------------------- X

Civil Action No.
19-cv-10158

**STIPULATION OF DISMISSAL WITH PREJUDICE**

  **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the parties in the above-captioned action, that this action is hereby dismissed in its entirety <u>with prejudice</u> pursuant to Fed. R. Civ. P. 41(a)(2), with each side bearing their own fees and costs.

  **IT IS FURTHER STIPULATED AND AGREED,** that the Court shall retain jurisdiction over this action until payment is made.

  **IT IS FURTHER STIPULATED AND AGREED,** that this stipulation may contain counterparts or facsimile signatures, which shall be deemed as originals.

[SIGNATURES ON NEXT PAGE]

10882495v.1

...

Dated:  New York, New York
_____, 2020

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:_____
Nancy V. Wright
Jason W. Canne
*Attorneys for Defendants Little Fish Corp. d/b/a Carmine's and Alicart, Inc. d/b/a Alicart Restaurant Group*
150 East 42nd Street
New York, NY 10017
Tel: (212) 490-3000
*Nancy.Wright@wilsonelser.com*
*Jason.Canne@wilsonelser.com*

Dated:   Philadelphia, Pennsylvania
_____, 2020

**ROBERT HALPERN**

_____
Robert Halpern
*Attorney for Plaintiff*
18 West Gowen Avenue,
Philadelphia, PA 19119
Tel: (646) 288-4372
Rnh17@verizon.net

**SO ORDERED:**

_____
Hon. Lewis J. Liman